JUSTICE WEBER
dissents as follows:
I dissent from the conclusion on Issue I in which the District Court refused to modify the child support. I agree with the legal standard to be applied and with the standard that this Court will reverse the District Court only if it has abused its discretion. The majority referred to Saery and pointed out that the $39,500 limitation does not place a cap on the amount of child support, because the amount above that figure may be used to supplement a minimum support amount, and thereby provides greater flexibility. The majority further concluded that even though the District Court erred in ruling there was a cap on child support payments above $39,500, the court’s decision did not constitute reversible error. I do not find any factual basis for that conclusion.
In order that there may be no confusion, I quote from the District Court’s order on this aspect:
The Court noted that child support should not be calculated on income in excess of the $39,500.00 cap set forth in the Uniform Child Support Guidelines. The Court’s reasons for capping support at this level are the specific statements contained within the Uniform Child Support Guidelines. The opinion of the Court that child support at $400.00 per month for this child is sufficient support and the Court has imposed a duty upon the Respondent to provide for post-high school education.
As is apparent, the District Court incorrectly concluded as a matter of law that child support should not be calculated on income in excess of $39,500. As a result, the opinion in the paragraph that the child *18 support of $400 per month is sufficient is certainly not conclusive on this Court.
I also quote from the controlling Guideline which is set forth in Sacry:
When incomes exceed this amount the first $39,500.00 should first be applied in the appropriate column and line which shows the number and age of the child to arrive at a minimum support amount. The minimum support amount should be supplemented out of the remaining parental income. The amount of the supplement must be determined on a case-by-case basis. (Emphasis supplied.)
In re the Marriage of Sacry (1992), 253 Mont. 378, 383, 833 P.2d 1034, 1038, (quoting 46.30.1543(2), ARM). (Note that 46.30.1543(2), ARM, as quoted was in effect from July 13, 1990 to July 31, 1992, and has since been superseded). As pointed out in Sacry, the court is given broad discretion. However, in the exercise of that discretion, the regulation requires that the court start with the underlying premise that “the minimum support amount should be supplemented out of the remaining parental income.” 46.30.1543(2), ARM (1990). As a result of the District Court’s misconstruction, it incorrectly concluded that it did not have the power to so supplement. At that point, as a matter of law, I conclude that the District Court was incorrect in applying the foregoing limitation.
I would reverse the District Court on this issue and remand in order that the court could properly redetermine the amount of child support, specifically taking into consideration the income above $39,500.
JUSTICE GRAY joins in the foregoing dissent.